## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TRACY LIBERATORE,             :

          Plaintiff,          :

     v.                :   3:12-CV-01811

                     :   (JUDGE MARIANI)

PRUDENTIAL INSURANCE COMPANY  :

OF AMERICA,           :

          Defendant.      :

## MEMORANDUM OPINION

### I.    Introduction

Presently before the Court is a Motion for Summary Judgment (Doc. 16) filed by Defendant Prudential Insurance Company in this ERISA action for short-term disability benefits. For the reasons discussed below, the Court will deny Defendant's Motion.

### II.    Statement of Facts[1]

Beginning on February 4, 2008, Tracy Liberatore was an employee of Geisinger Health Care Systems. (*See* Def.'s Statement of Material Undisputed Facts, Doc. 17, at ¶ 5.) As a Geisinger employee, she was a member of a short-term disability plan administered by Defendant Prudential Insurance Company of America, which began on January 1, 2011. (*Id.* at ¶¶ 1, 3, 6.) On May 4, 2011, Liberatore entered an in-patient substance abuse treatment program. (*Id.* at ¶ 10.) Shortly thereafter, on May 13, she made a claim for short-

---

[1] All facts in this section are materially undisputed, unless otherwise noted.

term disability benefits from Prudential, related to her entrance into the treatment program. (*Id.* at ¶ 11.)

On May 25, Prudential denied Liberatore's claim for benefits, on the stated basis that she was terminated as a Geisinger employee on April 22, 2011, approximately two weeks before the events giving rise to the claim for benefits. (*Id.* at ¶¶ 17-18.) Prudential apparently based this conclusion on the facts that Liberatore, in making the claim, stated that her "last day of work" was April 22, (*see id.* at ¶ 8), and that Geisinger likewise informed Prudential that Liberatore was "terminated" on April 22, (*see id.* at ¶ 16).

In a letter requesting an appeal of the denial, Liberatore wrote that "[t]here was some confusion surrounding" the question of termination. (*Id.* at ¶ 19.) She attempted to clarify by adding that "the week of 4/22/11 was a pre-scheduled week off," meaning that, even though April 22 was the last day worked, she was not terminated until May 4, the date of disability. (*Id.*; *see also* Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts, Doc. 25, at ¶ 8 (stating that April 22 "was her last physical day of work, but she was not terminated on this date"). Both that appeal and a second one were denied. (*See* Doc. 17 at ¶¶ 28-29, 32-33.)

Liberatore then filed a Complaint in the Court of Common Pleas of Lackawanna County alleging a violation of the Employee Retirement Income Security Act (ERISA). (Compl., Doc. 3, at ¶ 13.) Prudential subsequently removed the case to the Middle District of Pennsylvania based on the presence of a federal question. (*See* Notice of Removal,

2

Doc. 1, at ¶¶ 4-5.) Early in the federal litigation, the parties agreed "that because Plaintiff makes a claim for benefits under ERISA, discovery should be limited to the administrative record and Defendant's decision should be reviewed under the abuse of discretion standard." (Joint Case Management Plan, Doc. 13, at 2.)

There is only one material fact in dispute, which makes the issues for consideration on this motion for summary judgment extremely narrow. As Plaintiff herself puts the matter,

> Plaintiff agrees with Defendant that the entirety of this case rests upon the date on which Plaintiff's employment at Geisinger was terminated. If Plaintiff was terminated prior to her disability date of May 4, 2011, she would not be entitled to benefits under the Short Term Disability Plan. However, if Plaintiff was terminated on or after her disability date of May 4, 2011, then she would be entitled to benefits under the Short Term Disability Plan.

(Pl.'s Brief in Opp. to Def.'s Mot. for Summ. J., Doc. 22, at 2-3.)

### III.    Standard of Review

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 265 (1986). Once such a showing has been made, the nonmoving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact.

3

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912 (1993).

## IV. Analysis

When, as here,[2] an ERISA benefit plan "'gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan' . . . [the administrator or fiduciary's] decision must be reviewed under an arbitrary and capricious standard." *Doroshaw v. Hartford Life & Accident Co.*, 574 F.3d 230, 233 (3d Cir. 2009) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948, 956-57, 103 L. Ed. 2d 80 (1989)).

> An administrator's decision is arbitrary and capricious if it is without reason, unsupported by substantial evidence or erroneous as a matter of law. An administrator's interpretation is not arbitrary if it is reasonably consistent with unambiguous plan language. When a plan's language is ambiguous and the administrator is authorized to interpret it, courts must defer to this interpretation unless it is arbitrary or capricious.

---

[2] The Prudential Plan provides in relevant part as follows: "The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious." (*See* Verified Plan Docs. and Admin. Record, Doc. 17-1, at 35.) The Third Circuit held that a similar policy, which vests the administrator with

> "[f]ull and exclusive authority to control and manage the Group Policy, to administer claims, and to interpret the Group Policy and resolve any questions arising in the administration, interpretation, and application of the Group Policy" . . . . clearly triggers application of the deferential abuse of discretion [i.e., "arbitrary and capricious"] standard of review.

*Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 121 (3d Cir. 2012) (internal citations omitted).

4

*Fleisher*, 679 F.3d at 121 (internal quotations and citations omitted). "The scope of this review is narrow, and 'the court is not free to substitute its own judgment for that of the defendants in determining eligibility for plan benefits.'" *Doroshaw*, 574 F.3d at 234 (quoting *Abnathya v. Hoffman-La Roche, Inc.*, 2 F.3d 40, 45 (3d Cir. 1993), *abrogated on other grounds*, *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112, 128 S. Ct. 2343, 2348, 171 L. Ed. 2d 299 (2008)).[3]

"Generally, only evidence in the administrative record is admissible for the purpose of determining whether the plan administrator's decision was arbitrary and capricious." *Post v. Hartford Ins. Co.*, 501 F.3d 154, 168 (3d Cir. 2007). "[I]n general, the record for arbitrary-and-capricious review of ERISA benefits denial is the record made before the plan administrator, and cannot be supplemented during litigation" absent "evidence of potential biases and conflicts of interest that is not found in the administrator's record," which is not apparent in the present case. *Kosiba v. Merck & Co.*, 384 F.3d 58, 67 n.5 (3d Cir. 2004).

Indeed, there are no allegations in the various filings—or evidence apparent from a review of the record—to suggest that, in the present case, Prudential was subject to bias or

---

[3] All of the pre-*Glenn* Third Circuit cases concerning arbitrary and capricious review cited in this Opinion were abrogated by the Supreme Court's *Glenn* decision to the extent that they rely on the Circuit's former practice of adjusting "the standard of review using a 'sliding scale' in which the level of deference we accorded to a plan administrator would change depending on the conflict or conflicts of interest affecting plan administration." *Estate of Schwing v. The Lily Health Plan*, 562 F.3d 522, 525 (3d Cir. 2009). *Glenn* changed the analysis by requiring that an abuse of discretion standard apply in all such cases, but state that courts should still take the conflict of interest into account in determining whether the administrator abused its discretion. *Id.* For present purposes, however, these pre-*Glenn* Third Circuit cases remain precedential as to the meaning of the arbitrary and capricious standard itself, as well as to the scope of review under it.

a conflict of interest. As discussed above, Liberatore accepts that the only potential abuse

of discretion lies in Prudential's determination of her date of termination. (*See, e.g.*, Doc. 22

at 3-4 ("Viewed in the light most favorable to the Plaintiff, this Court could find that

Defendant abused its discretion by denying her benefits because it could find that she was

actual [*sic*] terminated after her date of disability."). By the same token, there is no apparent

ambiguity in the relevant provision of the Prudential policy, which states: "Your coverage

under the Group Contract or a plan ends on the earliest of . . . the date you are no longer a

member of the covered classes . . . ." (Doc. 17-1 at 16). Nor does Plaintiff contest the

applicability or clarity of this provision, as the portions of her Brief in Opposition quoted

above demonstrate; she argues that she was a member of the covered class on the date

that her disability arose, based on the terms of the policy.

Accordingly, this case presents the Court with a straightforward application of

arbitrary and capricious review. In such applications, the Court must make its decision on

the basis of "the evidence that was before the plan administrator at the time of the benefit

denial," *Marciniak v. Prudential Fin. Ins. Co. of Am.*, 184 Fed. App'x 266, 269 (3d Cir. 2006),

which has been provided to the Court at CM/ECF Docket number 17-1.

The record shows that, at the initial review stage, Liberatore herself reported that her

last day of work was April 22, (*see* Doc. 17-1 at 110, ¶ 2), and that Prudential reported that

it "confirmed with [Liberatore's] employer that [she was] terminated from employment

effective April 22, 2011," (*id.* at 121).  On this basis, Prudential concluded that Liberatore was not part of the covered class when her claim for disability benefits arose.  (*Id.*)

However, the record also includes Liberatore's statement requesting an appeal, in which she states that "the week of 4/22/11 was a prescheduled week off and according to HR (Margaret Heffen) my termination date was 5/4—that was the date I was admitted and per Ms. Heffen that was the process date of my termination and I was paid for the week of 4/22/11." (*Id.* at 83.)  This contention is important because, even though benefit coverage is limited to people "working for [their] Employer in a covered class," (*see id.* at 14), the policy also provides that employees on "normal vacation" time are considered actively employed, and are thus covered by the policy, (*see id.* at 13).  Therefore, if taken as true, Liberatore's statement that she was on some sort of vacation time when her disability arose provides a plausible basis to argue that she may have been entitled to benefits.  Nonetheless, over the course of the two appeals, Prudential never responded to these new claims, but simply reiterated its conclusory position that Liberatore was not an active employee on the date of her disability, based on the information on file.  (*See id.* at 92-106.)

"[E]ven under the deferential arbitrary and capricious standard," a denial of disability benefits "must be rejected [if] it was unsupported by substantial evidence." *Skretvedt v. E.I. DuPont de Nemours & Co.*, 268 F.3d 167, 184 (3d Cir. 2001).  Thus, while Prudential is free to discredit Liberatore's statements, if doing so is warranted, it may not simply ignore

potential grounds for awarding benefits. To ignore evidence supporting Liberatore's claim without explanation may well be arbitrary and capricious.

However, the Court is not now called upon to decide whether Prudential acted arbitrarily or capriciously. It only finds that Prudential has not met its burden of proving entitlement to relief via summary judgment. The case will therefore be scheduled for trial so that a jury may determine (1) whether Prudential acted arbitrarily or capriciously and (2) if so, whether and to what extent Liberatore is entitled to benefits.

## V. Conclusion

Based on the foregoing considerations, Defendant's Motion for Summary Judgment (Doc. 16) is **DENIED**. A separate Order follows.

Robert D. Mariani
United States District Judge